## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| ANGELA ROBINSON | ) | |
|  | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | 1:22-cv-02444-LMM-JSA |
|  | ) | |
| v. | ) | |
|  | ) | |
| SPEEDY RECOVERY SERVICES, | ) | |
| INC. and MVCONNECT LLC | ) | |
| a.k.a. MVTRAC, LLC, | ) | |
|  | ) | |
| Defendants. | ) | |
|  | ) | |

# ANSWER OF DEFENDANT MVCONNECT LLC

Defendant MVCONNECT LLC ("MVCONNECT" or "Defendant"),

pursuant to Rule 8 of the Federal Rules of Civil Procedure, respectfully responds to

the Complaint as follows:

## RESPONSES TO SPECIFIC ALLEGATIONS

MVCONNECT responds to the specific allegations as follows.

1.      MVCONNECT admits that Plaintiff has filed this action seeking

damages and purports to allege the claims listed in paragraph 1 of the Complaint.

MVCONNECT denies the remaining allegations in paragraph 1.

2. MVCONNECT states that paragraph 2 of the Complaint asserts conclusions of law as to which no admission or denial is required. To the extent any admission or denial is required, MVCONNECT denies the allegations in paragraph 2.

3. MVCONNECT states that paragraph 3 of the Complaint asserts conclusions of law as to which no admission or denial is required. To the extent any admission or denial is required, MVCONNECT denies the allegations in paragraph 3.

4. MVCONNECT states that paragraph 4 of the Complaint asserts conclusions of law as to which no admission or denial is required. To the extent any admission or denial is required, MVCONNECT denies the allegations in paragraph 4.

5. MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint and, on that basis, denies the allegations.

6. MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint and, on that basis, denies the allegations.

7.     MVCONNECT denies the allegations in paragraph 7 of the Complaint.

8.     MVCONNECT states that Paragraph 8 of the Complaint asserts conclusions of law as to which no admission or denial is required. To the extent any admission or denial is required, MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies the allegations in paragraph 8.

9.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint and, on that basis, denies the allegations.

10.    MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint and, on that basis, denies the allegations.

11.    MVCONNECT admits the allegations in paragraph 11 of the Complaint.

12.    MVCONNECT denies the allegations in paragraph 12 of the Complaint, except it admits that it is sometimes referred to as MVTRAC LLC.

13.    MVCONNECT admits the allegations in paragraph 13.

14.    MVCONNECT admits the allegations in paragraph 14.

15.     MVCONNECT denies the allegations in paragraph 15 as stated.

16.     MVCONNECT states that paragraph 16 of the Complaint asserts conclusions of law as to which no admission or denial is required. To the extent any admission or denial is required, MVCONNECT denies the allegations in paragraph 16.

17.     MVCONNECT denies the allegations in paragraph 17 of the Complaint, except it admits that it is a full-service recovery operation connecting lenders and repossession agents.

18.     MVCONNECT admits the allegations in paragraph 18 of the Complaint.

19.     MVCONNECT denies the allegations in paragraph 19 of the Complaint.

20.     MVCONNECT denies the allegations in paragraph 20 of the Complaint as stated.

21.     MVCONNECT denies the allegations in paragraph 21 of the Complaint.

22.     MVCONNECT denies the allegations in paragraph 22 of the Complaint.

23.    MVCONNECT admits the allegations in paragraph 23 of the Complaint.

24.    MVCONNECT states that paragraph 24 of the Complaint asserts conclusions of law as to which no admission or denial is required. To the extent any admission or denial is required, MVCONNECT denies the allegations in paragraph 24.

25.    MVCONNECT admits that other persons caused or may have caused the damages, if any, alleged by Plaintiff. MVCONNECT denies the remaining allegations, if any, in paragraph 25 of the Complaint.

26.    MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Complaint and, on that basis, denies the allegations.

27.    MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Complaint and, on that basis, denies the allegations.

28.    MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint and, on that basis, denies the allegations.

29.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Complaint and, on that basis, denies the allegations

30.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Complaint and, on that basis, denies the allegations.

31.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint and, on that basis, denies the allegations.

32.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Complaint and, on that basis, denies the allegations.

33.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33 of the Complaint and, on that basis, denies the allegations.

34.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Complaint and, on that basis, denies the allegations.

35.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 of the Complaint and, on that basis, denies the allegations.

36.     MVCONNECT denies the allegations in paragraph 36 of the Complaint, except it admits that it is a business and that it connects lenders with qualified repossession agents to recover vehicles subject to security interests.

37.     MVCONNECT denies the allegations in paragraph 37 of the Complaint.

38.     MVCONNECT admits that its website contains the language quoted in paragraph 38 of the Complaint. MVCONNECT denies the remaining allegations in paragraph 38 of the Complaint.

39.     MVCONNECT denies the allegations in paragraph 39 of the Complaint as stated.

40.     MVCONNECT denies the allegations in paragraph 40 of the Complaint except that it admits it sometimes sends materials via the United States Postal Service in the course of operating its business.

41.     MVCONNECT denies the allegations in paragraph 41 of the Complaint except that it admits it makes and receives interstate telephone calls and other electronic communications in the course of operating its business.

7

42.     MVCONNECT denies the allegations in paragraph 42 of the Complaint as stated.

43.      MVCONNECT denies the allegations in paragraph 43 of the Complaint as stated.

44.     MVCONNECT denies the allegations in paragraph 44 of the Complaint.

45.     MVCONNECT states that paragraph 45 of the Complaint asserts conclusions of law as to which no admission or denial is required. To the extent any admission or denial is required, MVCONNECT denies the allegations in paragraph 45.

46.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46 of the Complaint and, on that basis, denies the allegations.

47.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 of the Complaint and, on that basis, denies the allegations.

48.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48 of the Complaint and, on that basis, denies the allegations.

49.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 of the Complaint and, on that basis, denies the allegations.

50.     Upon information and belief, MVCONNECT denies the allegations in paragraph 50 of the Complaint.

51.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51 of the Complaint and, on that basis, denies the allegations.

52.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 of the Complaint and, on that basis, denies the allegations.

53.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 of the Complaint and, on that basis, denies the allegations.

54.     Upon information and belief, MVCONNECT admits the allegations in paragraph 54 of the Complaint.

55.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 of the Complaint and, on that basis, denies the allegations.

56.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 of the Complaint and, on that basis, denies the allegations.

57.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 of the Complaint and, on that basis, denies the allegations.

58.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58 of the Complaint and, on that basis, denies the allegations.

59.     MVCONNECT denies the allegations in paragraph 59 of the Complaint except it admits that it provides services to TitleMax of Georgia, Inc. pertaining to recovery of vehicles and that it typically does so pursuant to a contract.

60.     MVCONNECT denies the allegations in paragraph 60 of the Complaint as stated.

61.     MVCONNECT states that paragraph 61 of the Complaint asserts conclusions of law as to which no admission or denial is required. To the extent any admission or denial is required, MVCONNECT denies the allegations in paragraph 61 as stated.

62.     MVCONNECT denies the allegations in paragraph 62 of the

Complaint as stated.

63.     MVCONNECT denies the allegations in paragraph 63 of the

Complaint as stated.

64.     MVCONNECT denies the allegations in paragraph 64 of the

Complaint as stated.

65.     MVCONNECT is without knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations in paragraph 65 of the

Complaint and, on that basis, denies the allegations.

66.     Upon information and belief, MVCONNECT denies the allegations in

paragraph 66 of the Complaint.

67.     Upon information and belief, MVCONNECT denies the allegations in

paragraph 67 of the Complaint.

68.     Upon information and belief, MVCONNECT denies the allegations in

paragraph 68 of the Complaint.

69.     MVCONNECT denies the allegations in paragraph 69 of the

Complaint.

70.     MVCONNECT denies the allegations in paragraph 70 of the

Complaint.

71.     MVCONNECT denies the allegations in paragraph 71 of the Complaint.

72.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72 of the Complaint and, on that basis, denies the allegations, except MVCONNECT admits that Gwinnett County is in the Atlanta Division of the Northern District of Georgia.

73.     MVCONNECT denies the allegations in paragraph 73 of the Complaint.

74.     MVCONNECT denies the allegations in paragraph 74 of the Complaint, except that it is without knowledge or information as to whether Plaintiff was shocked or upset at any particular time.

75.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 75 of the Complaint and, on that basis, denies the allegations.

76.     MVCONNECT denies the allegations in paragraph 76 of the Complaint.

77.     MVCONNECT denies the allegations in paragraph 77 of the Complaint.

78.     MVCONNECT denies the allegations in paragraph 78 of the Complaint.

79.     MVCONNECT denies the allegations in paragraph 79 of the Complaint.

80.     MVCONNECT denies the allegations in paragraph 80 of the Complaint.

81.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81 of the Complaint and, on that basis, denies the allegations.

82.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82 of the Complaint and, on that basis, denies the allegations.

83.     MVCONNECT denies the allegations in paragraph 83 of the Complaint.

84.     MVCONNECT denies the allegations in paragraph 84 of the Complaint.

85.     MVCONNECT denies the allegations in paragraph 85 of the Complaint.

86.     MVCONNECT states that paragraph 86 of the Complaint asserts conclusions of law as to which no admission or denial is required. To the extent any admission or denial is required, MVCONNECT denies the allegations in paragraph 86 as stated.

87.     MVCONNECT denies the allegations in paragraph 87 of the Complaint.

88.     MVCONNECT denies the allegations in paragraph 88 of the Complaint.

89.     MVCONNECT denies the allegations in paragraph 89 of the Complaint.

90.     MVCONNECT denies the allegations in paragraph 90 of the Complaint.

91.     MVCONNECT denies the allegations in paragraph 91 of the Complaint.

92.     MVCONNECT denies the allegations in paragraph 92 of the Complaint.

93.     MVCONNECT denies the allegations in paragraph 93 of the Complaint.

94.     MVCONNECT denies the allegations in paragraph 94 of the Complaint.

95.     MVCONNECT denies the allegations in paragraph 95 of the Complaint.

96.     MVCONNECT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 96 of the Complaint and, on that basis, denies the allegations.

97.     MVCONNECT denies the allegations in paragraph 97 of the Complaint, except it admits that Plaintiff purported to send a form of notice in July 2021.

98.     MVCONNECT denies the allegations in paragraph 98 of the Complaint.

99.     MVCONNECT states that paragraph 99 of the Complaint asserts conclusions of law as to which no admission or denial is required. To the extent any admission or denial is required, MVCONNECT denies the allegations in paragraph 99 as stated.

100.   MVCONNECT denies the allegations in paragraph 100 of the Complaint.

101.   MVCONNECT denies the allegations in paragraph 101 of the Complaint.

102.   MVCONNECT denies the allegations in paragraph 102 of the Complaint.

103.   MVCONNECT denies the allegations in paragraph 103 of the Complaint.

104.   MVCONNECT states that paragraph 104 of the Complaint asserts conclusions of law as to which no admission or denial is required. To the extent any admission or denial is required, MVCONNECT denies the allegations in paragraph 104 as stated.

105.   MVCONNECT denies the allegations in paragraph 105 of the Complaint.

106.   MVCONNECT denies the allegations in paragraph 106 of the Complaint.

107.   MVCONNECT denies the allegations in paragraph 107 of the Complaint.

108.   MVCONNECT denies the allegations in paragraph 108 of the Complaint.

109.   MVCONNECT denies the allegations in paragraph 109 of the Complaint.

110.   MVCONNECT denies the allegations in paragraph 110 of the Complaint.

111.   MVCONNECT denies the allegations, if any, in the unnumbered paragraph headed "JURY TRIAL DEMAND."

112.   MVCONNECT denies the allegations, if any, in the unnumbered paragraph headed "WHEREFORE" and specifically denies that Plaintiff is entitled to any damages, recovery, or relief in this action.

113.   MVCONNECT denies any allegations in the Complaint, including, without limitation, the headings, that are not expressly and explicitly admitted herein.

## DEFENSES

The Defendant asserts the following affirmative defenses and other defenses.

## FIRST DEFENSE

The Complaint, or one or more of its counts, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff is barred from recovery as one or more of her claims lacks good faith.

## THIRD DEFENSE

One or more of Plaintiff's claims are barred by the doctrine of unclean hands.

## FOURTH DEFENSE

Plaintiff has or may have failed to provide a written demand for relief "reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered," as required by O.C.G.A. § 10-1-399(b).

## FIFTH DEFENSE

Some or all acts or transactions on which Plaintiff purports to base her claims are or may be exempt from the Fair Business Practices Act under O.C.G.A. § 10-1-396, because they are specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States.

**SIXTH DEFENSE**

Some or all acts or transactions on which Plaintiff purports to base her claims are not covered by the Fair Business Practices Act because, as alleged, they would constitute a single, private transaction.

**SEVENTH DEFENSE**

Plaintiff's claims are or may be barred or reduced in whole or in part to the extent Plaintiff failed to mitigate any alleged damages.

**EIGHTH DEFENSE**

The Fair Debt Collection Practices Act does not apply to MVCONNECT, as it is not a "debt collector" within the meaning of the Act.

**NINTH DEFENSE**

There is no basis in law or fact for the imposition of punitive damages or attorneys' fees.

**TENTH DEFENSE**

MVCONNECT reserves the right to assert any affirmative defenses listed in O.C.G.A. § 9-11-8(c), O.C.G.A. § 9-11-12(b), or Federal Rules of Civil Procedure 8 and 12 as they may be discovered during discovery in this case.

**WHEREFORE**, MVCONNECT respectfully prays for (a) a pretrial conference; (b) a trial by jury as to all issues so triable; and (c) judgment in its favor dismissing Plaintiff's claims and awarding MVCONNECT its costs plus all other relief that the Court deems appropriate.

Respectfully submitted, this 19th day of August 2022.

**POOLE HUFFMAN LLC**

***/s/ Lucas W. Andrews***
Lucas W. Andrews
luke@poolehuffman.com
Georgia Bar No. 019533

3562 Habersham at Northlake
Building J, Suite 200
Tucker, Georgia 30084
Telephone: (770) 988-6574
Facsimile:  (888) 709-5723

*Attorneys for MVCONNECT LLC*

## CERTIFICATE OF SERVICE

I, Lucas W. Andrews, hereby certify that on the 19th day of August 2022, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all counsel of record.

*/s/ Lucas W. Andrews*
Lucas W. Andrews
Ga Bar No. 019533
luke@poolehuffman.com

POOLE HUFFMAN LLC
3562 Habersham at Northlake
Building J, Suite 200
Tucker, GA 30084
Tel.  (770) 988-6574
Fax.  (888) 709-5723